No. 22,976.

PHILIP ERHARDT, *Appellant,* v. THE CITY OF ROSEDALE, *Appellee,* et al.

SYLLABUS BY THE COURT.

1. ACTION FOR SERVICES AS ATTORNEY—*No Material Error in the Record.* The evidence examined and held to support the verdict and findings of the jury.

2. SAME. Criticised rulings touching the admission of evidence held to have been proper.

3. SAME. Certain uncomplimentary remarks of counsel held not to have been materially prejudicial.

4. SAME. The instructions complained of, one for no assigned reason, and others because unsupported by evidence, held to have been properly given.

5. SAME. Refusal to give a certain requested instruction approved.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed November 12, 1921. Affirmed.

*David F. Carson,* and *James T. Cochran,* both of Kansas City, for the appellant.

*L. R. Gates,* city attorney, and *Rush L. Fisette,* of Rosedale, for the appellee.

The opinion of the court was delivered by

WEST, J.: Philip Erhardt sued to recover for services as attorney, alleging in substance that the city of Rosedale needed certain land for the purpose of diverting Turkey creek from

its course in order to prevent floods; that the city of Rosedale contracted with Kansas City, Mo., touching the matter, and also contracted with its codefendants touching the expense of such divergence, and in pursuance thereof passed a certain ordinance providing therein among other things that L. R. Gates, then city attorney of Rosedale, and James S. Gibson be given general charge of the improvements specified in the ordinance; that pursuant to such authority James S. Gibson proposed to the plaintiff that he obtain an option on a certain tract of land desired, and that he would be paid for his services and reimbursed for any money he might expend in obtaining it; that Gibson was at the time agent of Rosedale, and duly authorized to negotiate with the plaintiff for obtaining such option, and the plaintiff was with the acquiescence and consent of the defendants authorized to do the things necessary to obtain it; that the plaintiff entered upon such employment and did obtain an option for $25,000, paying down thereon $1,000 himself which was acknowledged by one of the counsel for Rosedale, and a deed executed and recorded.

The answer denied the authority of Gibson to employ the plaintiff, and denied that the city had in any way ratified the contract for the alleged option, and averred that the plaintiff settled with Rosedale on the theory and understanding that controversies growing out of such land were being settled, adjudged and compromised, and that he made no assertion of the claim sued upon.

The jury found for the defendants and answered special questions to the effect that the plaintiff was not employed as agent for Rosedale; that he reported to the city his alleged purchase of the land, and that the purchase price was $50,000, and appeared before the condemnation commission as representing the parties from whom such purchase was made, and appeared as attorney therefor in the appeal from the condemnation.

It is contended that he gave no notice of his claim against the city, and that he received for his services for the land company $4,000; that he was not authorized by the city to procure such right of way, and that he endeavored to induce the agent of Rosedale to pay $50,000 therefor.

Plaintiff contends that attorneys Gates, Park and Gibson had authority under the ordinance of Rosedale to appoint agents and attorneys to assist in carrying out the enterprise. As we have not been favored with a copy of the ordinance we are unable to say whether or not it contains such authority. It is argued that the admitted facts indicate the appointment of the plaintiff. We find in the record, however, the usual conflict in testimony, and are unable therefrom to say that the findings of the jury in this respect were not properly sustained.

Counsel insist that it was incompetent to admit evidence that the plaintiff had settled with the land company. That was a part of the defense set up in the answer and was competent as one of the circumstances showing the relation of the plaintiff to the defendant city.

Counsel assign as error the refusal of the court to admit testimony offered by the plaintiff, but do not in their brief call attention to what such evidence was.

Fault is found with counsel for the defendants touching statements and remarks in the presence of the jurors alleged to be prejudicial, but those set forth in the abstract are not, in our view, serious enough to amount to prejudicial error. A lawsuit is frequently marked by observations less courteous and considerate than might be desired, but those complained of are not vicious enough to undo the work of the court and the jury and the conclusions reached by them.

Plaintiff requested an instruction to the effect that if after his services for the city had terminated, he sought and obtained employment from the land company, he had a right so to do, and in the settlement of any controversy between the city and such company it would be no defense in this action. Counsel do not enlighten us in their brief as to why they think this instruction was improperly refused, and we will therefore assume the refusal was not error.

The only other alleged error argued in the brief was the admission of prejudicial testimony and the rejection of competent testimony. Plaintiff was required to state on cross-examination over his objection that he and his cocounsel drew between eight and ten thousand dollars under their contract with the land company, and that they divided this fee between them, and the plaintiff was now seeking to recover for the very

Erhardt v. City of Rosedale.

same land against the city. It is contended that this was entirely outside the issue, but it seems to be fairly well within the allegations of the answer and, hence, its reception was not error.

Notwithstanding the few specifications of error relied on in the statement of errors complained of in the brief (p. 7) counsel go further and complain of the 7th, 8th and 9th instructions. The 7th was merely to the effect that if the plaintiff obtained the contract for his own profit, and not as agent for the city, he could not recover. We see nothing wrong with this instruction. Number 8 was that if the plaintiff permitted the city and land company to settle their controversy without any knowledge of his claim, and gave the city no notice thereof, and permitted such settlement to be made, he must be held estopped. This is a correct statement of the principle of law, but counsel argue that because the plaintiff testified he was not present at such settlement the instruction was erroneously given; there was, however, other testimony given indicating that the settlement was made with his knowledge, and hence no error appears in this respect.

In the 9th instruction the jury were told that if after the execution of the contract by the plaintiff and the land company he attempted to sell the right of way to the defendants, and asked therefor $50,000, he could not recover. This was merely saying that if when in fact agent and attorney for the city of Rosedale he was trying to make $25,000 from the other side, instead of the fee he now claims, he could not recover, and this seems axiomatically correct. The plaintiff requested the court to instruct, that if after his services for Rosedale were terminated he sought and obtained employment from the land company, he had a right to do so, and any settlement of any controversy between Rosedale and the land company "would be no defense to this cause, and your verdict should be for the plaintiff, as to that defense." The quoted part seems to make the instruction one of such doubtful propriety that it must be held to have been properly refused.

The reply brief of the plaintiff reargues the proposition that the evidence was insufficient to sustain the verdict and findings. But the record contains an abundance of evidence, conflicting though it be, to substantiate all the conclusions reached by the jury.

Finding no material error, the judgment is affirmed.